IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammed Mostafa Altayar,<br><br>    Petitioner,<br><br>v.<br><br>Loretta E. Lynch, et al.,<br><br>    Respondents. | No. CV-16-02479-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Mohammed Mostafa Altayar has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and a Motion for Preliminary Injunction (Doc. 4).

**I.  SUMMARY OF CONCLUSION**

An Immigration Judge (IJ) ordered Petitioner released on bond. The Government sought to appeal to the Board of Immigration Appeals (BIA) and invoked the automatic-stay provision of 8 C.F.R. § 1003.19(i)(2) (allowing for up to a 90-day stay while the Government pursued its appeal). Petitioner filed this Petition, but then the BIA granted the Government a discretionary stay of the IJ order. Petitioner's first two claims regarding the automatic stay are now moot. There is no case or controversy regarding Petitioner's third claim, and all of his claims fail. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice, and that the Motion for

Preliminary Injunction (Doc. 4) be denied.

## II. BACKGROUND

### a. Procedural History

On August 11, 2016, the IJ found the following as true:

> The above-named respondent is a male, native and citizen of Iraq. (Exh. I, Form 1-862 (May 7, 2015).) He was admitted to the United States on or about January 25, 2011 as a Refugee. (*Id.*) He adjusted status to that of a lawful permanent resident RE6 on May 24, 2012. (*Id.*) On March 6, 2015, he was convicted in the Superior Court of Arizona, Maricopa County, for aggravated assault, a class 3 felony, in violation of Arizona Revised Statutes ("ARS") sections 13-1203, 13-1204, 13-3105, 13-701, 13-702, and 13-801. (*Id.*) He was sentenced to forty-eight hours of incarceration in the Maricopa County Jail and five years of probation. (*Id.*)
>
> On May 7, 2015, the Department of Homeland Security ("DHS" or "the Department") issued a Notice to Appear against the respondent, charging him as subject to removal pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA" or "the Act") in that he was convicted of a crime involving moral turpitude committed within five years (or ten years in the case of an alien provided lawful permanent resident status under section 245(j) after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed. (*Id.*) The filing of the NTA with the Court commenced proceedings and vested jurisdiction in this Court. 8 C.F.R. § 1003.14(a) (2014).
>
> The OHS detained the respondent with no bond and the respondent requested for this Court to grant a bond hearing for a custody status redetermination. (Bond Exh. 1, Form I-286; Bond Exh. 2.) The Court held such a hearing on May 19, 2015 and granted the respondent's request for release on bond in the amount of $5.500. (IJ Order (May 19, 2015.) The Department appealed and the Board of Immigration Appeals ("BIA" or ''the Board") vacated this Court's decision arid ordered the respondent detained on no bond. (BIA Order (Dec. 3, 2015).)
>
> Thereafter, the respondent submitted an unopposed motion for a custody redetermination hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). (Bond Exh. 8.) After considering all of the evidence and the parties' arguments, the Court grants the respondent's request for release on bond. Furthermore, the Court finds that a bond of $18,000 is appropriate and reasonably calculated to assure the respondent's presence at future hearings.

(Doc. 9-1, Ex. R, at 97.)

**b. Government Appeal**

On July 22, 2016, the Government filed a Notice of Intent to Appeal, also known as an "Automatic Stay," by filing a Form EOIR-43, *see* 8 C.F.R. § 1003.19(i)(2), with the Immigration Court. (Doc. 9-1, Ex. T, at 139.) On August 4, 2016, the Government filed the appeal of the IJ's bond decision with the BIA. (Doc. 9-1, Ex. U, at 141.) On September 12, 2016, the BIA issued a Briefing Schedule with a transcript and granted both parties until October 3, 2016 to submit a brief to the BIA. (Doc. 9-1, Ex. X, at 154.) On September 30, 2016, the Government filed its supporting brief with the BIA. (Doc. 9-1, Ex. Y, at 156.)

On November 2, 2016, the BIA, "[a]fter consideration of all information… concluded that the stay of the bond order will be granted." (Doc. 12-1 at 1.)

**c. Federal Habeas Petition**

Before the BIA granted the discretionary stay, Petitioner filed this Petition on July 22, 2016. (Doc. 1.)[1]

In his Petition, Petitioner raises the following requests for relief:

> 1. Grant a Writ of Habeas Corpus, directed to the Respondents requiring them to show cause why Mr. Altayar should not be immediately released from custody.
>
> 2. Declare that Mr. Altayar's continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution.
>
> 3. Enjoin the Respondents from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2) where the alien has prevailed in the merits of his removal proceedings and the immigration court has made an individualized determination that the alien is not a flight risk and does not pose a danger to society.
>
> 4. Award to Mr. Altayar and his counsel reasonable costs and attorney's fees.

---

[1] Petitioner also filed a Motion for Preliminary Injunction on August 29, 2016 (Doc. 4.) and an Application for Entry of Default on October 26, 2016 (Doc. 8).

On September 30, 2016, District Judge G. Murray Snow directed Respondents to answer the Petition and Motion for Preliminary Injunction, and referred the matter to this Court. (Doc. 6.) On October 26, 2016, the Government filed an Answer. (Doc. 9.) On October 31, 2016, Petitioner filed a Reply. (Doc. 11.) On November 15, 2016, the Court conducted an oral argument. On November 22, 2016, the parties submitted additional briefing regarding the 90-day limit of the automatic stay. (Docs. 16, 17.)

### d.  Statutes

After a custody or bond determination by an Immigration Judge, an "appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38." 8 C.F.R. § 1003.19(f). The government may file for a "discretionary stay" or an "automatic stay in certain cases" of a custody order. § 1003.19(i). Here, the Government invoked the automatic stay provision, which reads:

> (2) Automatic stay in certain cases. In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR–43) with the immigration court within one business day of the order, and, except as otherwise provided in 8 CFR 1003.6(c), shall remain in abeyance pending decision of the appeal by the Board. The decision whether or not to file Form EOIR–43 is subject to the discretion of the Secretary.

§ 1003.19(i)(2).

To preserve an automatic stay, the Government must file, with the notice of appeal, a certification by a senior legal official that the official has approved the filing of the notice of appeal and that the motion has evidentiary support, and the legal arguments are warranted by existing law or by a non-frivolous argument. § 1003.6(c). Further, "[t]he Board will track the progress of each custody appeal which is subject to an automatic stay in order to avoid unnecessary delays." § 1003.6(c)(3). And, "[i]f the Board has not acted on the custody appeal, the automatic stay **shall lapse 90 days** after the filing of the notice

of appeal." § 1003.(c)(4) (emphasis added).[2]

## III. THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As Petitioner is currently detained within this Court's jurisdiction and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Demore v. Kim*, 538 U.S. 510 (2003); *Spencer v. Lemna*, 523 U.S. 1, 7 (1998).

### a. Counts One and Two are moot.

In Count One, Petitioner argues the "**automatic stay** violates Mr. Altayar's substantive due process right to liberty because the regulation permits unilateral government detention without justification that would outweigh Mr. Altayar's constitutionally protected interest in freedom from government restraint." (Doc. 1 at 12) (emphasis added). In Count Two, Petitioner argues his "continued detention violates his procedural due process rights because the **automatic stay** allows the Government to infringe upon his fundamental liberty interest in freedom from physical custody with a process that is not narrowly tailored to serve a state interest that is neither compelling nor substantially justified." (Doc. 1 at 13)(emphasis added).

Petitioner's first two claims are moot. The automatic stay is no longer in effect because the BIA granted a discretionary stay of the IJ's bond order. Petitioner's first two claims are predicated on his detention pursuant to the "automatic stay" of 8 C.F.R. § 1003.19(i)(2). Because Petitioner is no longer being held pursuant to the automatic stay,

---

[2] If "the automatic stay period expires," then "the alien's release shall be automatically stayed for five business days" pending the Attorney General's consideration of the case. § 1003.6(d). This provision is not relevant here because the BIA acted on the Government's appeal and continued the stay at the Board's discretion.

- 5 -

his first two claims are moot. *See Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) ("When a controversy no longer exists, the case is moot."). *See also, Murillo-Flores v. Mukasey*, No. CV08-0943-PHX-JAT, 2009 WL 310143, at *4 (D. Ariz. Feb. 6, 2009) ("Because Petitioner is no longer detained under the automatic stay, this Court may no longer grant any relief as to [the automatic stay and procedural due process claims], and they must be dismissed as moot."); *El-Dessouki v. Cangemi*, No. 06-3536(DSD/JSM), 2006 WL 2727191, at *2 (D. Minn. Sept. 22, 2006) (because the BIA issued a discretionary stay, "this § 2241 petition is moot to the extent petitioner challenges his detention pursuant to § 1003.19(i)(2).").[3]

### b. Count Three

Petitioner argues "the Government's pattern and practice of violating the rights of individuals similarly situated as Mr. Altayar creates the probability of irreparable injury to those aliens who have prevailed on the merits in their removal proceedings and yet remain detained indefinitely at the whim of the Government." (Doc. 1 at 13.) Petitioner incorporates his due process arguments into Count Three. (*Id*.) "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

### i. Advisory opinion

Article III of the Constitution limits the federal courts to resolving actual "Cases" and "Controversies," rather than rendering advisory opinions. *See Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S.Ct. 1377, 1386 (2014) (quoting U.S. Const. art. III, § 2). Here, Petitioner is requesting the Court find that the use of the automatic stay violates "the rights of individuals similarly situated as Mr. Altayar…." (Doc. 1 at 13.)

---

[3] Even if Petitioner's claims were not moot, they would fail for the reasons outlined in Section III(b)(ii),(iii).

- 6 -

1 Petitioner is requesting the Court determine that others not before the Court will be
2 harmed. But the Court is not permitted to rule regarding "the probability of irreparable
3 injury to those aliens" who may be affected by the automatic-stay provision when
4 Petitioner is the only party in this case. *See Church of Scientology of Cal. v. United*
5 *States*, 506 U.S. 9, 12 (1992) ("[A] federal court has no authority to give opinions upon
6 moot questions or abstract propositions, or to declare principles or rules of law which
7 cannot affect the matter in issue in the case before it.") (citation and quotations omitted);
8 *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (holding that "a federal court has neither
9 the power to render advisory opinions nor to decide questions that cannot affect the rights
10 of litigants in the case before them"). The Court finds there is no longer a case or
11 controversy regarding Count Three.

### ii. An automatic-stay does not violate due process.

Assuming the Court rules on the merits of this argument, then the automatic stay does not violate due process because it permits the Government an opportunity to appeal an IJ bond decision before the detainee is released. The Supreme Court has expressed a "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 U.S. at 526. "As we said more than a century ago, deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id*. at 523 (citing *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). Here, a stay of some length is afforded precisely because it allows the Government an opportunity to appeal before a detainee might flee. *El-Dessouki*, 2006 WL 2727191, at *3 ("a finite period of detention to allow the BIA an opportunity to review the immigration judge's bond redetermination is a narrowly tailored procedure that serves the government's interest in preventing flight of aliens likely to be ordered removable and in protecting the community").

Petitioner's argument that the automatic stay "denied Mr. Altayar's right to liberty while the appeal of the IJ's bond determination is proceeding" (Doc. 1 at 6) misses the

point. Although Petitioner is detained pending appeal to the BIA, the question is whether permitting an automatic stay violates due process. Petitioner and others have a right to appeal an adverse custody decision to the BIA. *See* 8 CFR §§ 1003.19(a), 1236.1(d). Similarly, the Government may appeal and adverse bond decision. An automatic stay of limited duration allows the Government to pursue its appeal before the subject might post bond and flee. *See Demore*, 538 U.S. at 528 ("detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings").

In Petitioner's supplemental briefing, he urges that "it is the process, not necessarily the specific amount of time, which violates substantive and procedural due process under the Fourteenth Amendment." (Doc. 16 at 1.) According to Petitioner, the automatic stay turns "the custody redetermination hearing before the IJ into a meaningless formality" because the Government can unilaterally continue Petitioner's detention. (*Id*. at 2.) The Court does not agree that an appeal to the BIA renders the IJ decision a meaningless formality. Petitioner agrees that the "regulations under 8 C.F.R. § 1003.38 provide for a constitutionally permissive appellate process in compliance with due process, which provides both parties in bond proceedings with an avenue to appeal the Immigration Judge's custody and bond decision." (Doc. 1 at 5.) The automatic stay also does not turn the IJ decision into a meaningless formality because it affords the BIA time to consider an appeal. The purpose of the automatic stay is to "avoid the necessity of having to decide whether to order a stay on extremely short notice with only the most summary presentation of the issues." Review of Custody Determinations, 71 FR 57873-01, 2006 WL 2811410.

The Court concludes that any petitioner would have difficulty attacking an automatic stay that lasted only one day, and the Government could not justify an automatic stay of one year. Thus, the Court next addresses whether a stay of up to 90 days violates due process.

### iii. The length of the automatic stay does not violate due process.

An automatic stay of up to 90 days does not violate due process because it is narrowly tailored to serve a compelling Government interest. The Court first finds there is no procedural due process violation from § 1003.19(i)(2). An alien's right to procedural due process is violated "only if [1] the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case,'" and [2] the alien proves that "the alleged violation prejudiced his or her interests." *Mendez–Garcia v. Lynch*, 840 F.3d 655 (9th Cir. 2016) (citations omitted). Here, Petitioner was permitted to contest the stay by filing a brief to the BIA by October 3, 2016. (Doc. 9-1, Ex. X, at 154.)[4] Petitioner does not argue that his current detention has prejudiced his interests regarding his removal or the merits of the IJ bond decision. *See also Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity ... to present testimony and other evidence in support of the application, he or she has been provided with due process.").

The Court also finds there is no substantive due process violation. Laws that infringe a "fundamental" right protected by the Due Process Clause are constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno*, 507 U.S. at 302 (1993). Substantive due process protections apply to resident aliens. *See, e.g.*, *Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("There are literally millions of aliens within the jurisdiction of the United States ... [t]he Fifth Amendment as well as the Fourteenth Amendment, protects every one of these persons from deprivation of life, liberty, or property without due process of law.") (citations omitted).

An automatic stay of up to 90 days does not violate due process because it remains in effect until the BIA has an opportunity to review the appeal. In the context of post-removal detention, the Court in *Zadvydas* wrote that "we think it practically necessary to recognize some presumptively reasonable period of detention…." *Zadvydas*, 533 U.S. at

---

[4] The Notice from the BIA to both parties states: "Opposing party is granted until 10/3/2016 to submit a brief to the Board of Immigration Appeals. The brief must be received at the Board on or before this date."

- 9 -

701. The Court determined that "an argument can be made for confining any presumption to 90 days" but set a limit of 180 days before a detainee in removal proceedings would be entitled to a bond hearing. *Id*. In the absence of other authority (and Petitioner presents none), Petitioner has not established that an automatic stay of up to 90 days in this appeal provision violates due process.

Petitioner's reliance on *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1075 (N.D. Cal. 2004) is misplaced. The ruling in *Zavala* was predicated upon an indefinite, mandatory stay. But the regulation was amended in 2006 to permit an automatic stay of up to only 90 days.[5]  *See Hussain v. Gonzales*, 492 F. Supp. 2d 1024, 1032 (E.D. Wis.), aff'd sub nom. *Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007) (noting that *Zavala* relied on "the previous regulation under which the duration of the automatic stay was indefinite" whereas the "current regulation provides that the automatic stay will lapse 90 days after the filing of the notice of appeal.").

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Counts One and Two are moot. The Court further finds that there is no case or controversy regarding Claim Three.  Ground Three also fails to establish a violation of due process.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Petitioner's claims in the Motion for Preliminary Injunction (Doc. 4) mirror those presented here. During oral argument on November 15, 2016, Petitioner agreed.

**IT IS THEREFORE RECOMMENDED** that the Motion for Preliminary

---

[5] "[T]his rule clarifies the basis on which DHS may invoke the automatic stay provision, and limits the duration of the automatic stay." Review of Custody Determinations, 71 FR 57873-01, 2006 WL 2811410. "[T]he final rule provides that the automatic stay will lapse 90 days after the filing of the notice of appeal." *Id*.

Injunction (Doc. 4) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of November, 2016.

Honorable John Z. Boyle
United States Magistrate Judge